## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERSON DIAZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **KEVIN PISTRO, Warden and JOHN** | : | |
| **DOE, Health Service Administrator** | : | **NO. 21-2909** |

## ORDER

**NOW**, this 5th day of August, 2021, upon consideration of plaintiff's motion to proceed *In Forma Pauperis* (Doc. No. 7), his Prisoner Trust Fund Account Statements, and his *pro se* Complaint (Doc. No. 1), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Pursuant to 28 U.S.C. § 1915(b), Jerson Diaz, # 69998-066, shall pay the filing fee of $350 in installments regardless of the outcome of this case.[1]

3. The Warden or other appropriate official at the Federal Detention Center in Philadelphia is directed to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to plaintiff's inmate trust fund account; or (b) the average monthly balance in plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of this case and forward the initial payment assessed, with a reference to the above Civil Action Number, to the Clerk of Court at the following address:

> Clerk of the United States District Court
> for the Eastern District of Pennsylvania
> Room 2609
> 601 Market Street
> Philadelphia, Pennsylvania 19106.

---

[1] Plaintiff is advised that he will be obligated to pay the filing fee in installments even if his case is dismissed. In other words, if his case is dismissed, payment of the fee will continue to be deducted from his inmate trust fund account.

4. The Warden or other appropriate official at the Federal Detention Center shall, after the initial partial filing fee is paid and until the balance of the filing fee is paid in full, deduct from plaintiff's inmate trust fund account, each time his inmate account exceeds $10.00, an amount no greater than 20 percent (20%) of the money credited to his inmate account during the preceding month and forward that amount, with a reference to the above Civil Action Number, to the Clerk of Court at the above address.

5. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

6. Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order.

7. If plaintiff files an amended complaint, it shall:  (a) identify all defendants both in the caption of the amended complaint and in the body of the amended complaint; and (b) state the basis for each of the plaintiff's claims against each defendant.

8. Plaintiff shall provide as much identifying information for each defendant as possible and may refer to a defendant by his or her last name only if that is the sole identifying information plaintiff possesses.

9. If the plaintiff elects to file an amended complaint, it shall be a complete document that does not rely upon plaintiff's initial Complaint or any other papers filed in this case to state a claim.  When drafting an amended complaint, plaintiff shall consider the reasons the initial Complaint was dismissed as explained in the Memorandum.

10. Upon the filing of an amended complaint, the Clerk shall not make service until further order of the Court.

11. The Clerk of Court shall furnish plaintiff with a copy of the Court's current standard form to be used by a *pro se* prisoner filing a civil rights action, bearing the above Civil Action Number.

12. Plaintiff shall use the standard form to file his amended complaint;

13. If plaintiff does not wish to file an amended complaint and intends to stand on his Complaint as originally pled, he shall file a notice of intent with the Clerk of Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

14. The Clerk of Court is directed to forward a copy of this Order to the Warden or other appropriate official at the Philadelphia Federal Detention Center and to the plaintiff.

15. If plaintiff fails to comply with this Order, his case will be dismissed.

/s/ TIMOTHY J. SAVAGE J.