## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERSON DIAZ,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-2909** |
| | : | |
| **KEVIN PISTRO,** *et al.* | : | |
| **Defendants** | : | |

## MEMORANDUM

**PRATTER, J.**                                                    **NOVEMBER 30, 2021**

Jerson Diaz, a pretrial detainee being held at the Federal Detention Center in Philadelphia ("FDC"), filed this *pro se Bivens* action[1] against Kevin Pistro, the Warden of the FDC, and John Doe Health Administrator at FDC. In a prior Memorandum, *see Diaz v. Pistro*, Civ. A. No. 21-2909, 2021 WL 3471169 (E.D. Pa. Aug. 6, 2021) ("the August Memorandum"), the Court granted Mr. Diaz leave to proceed *in forma pauperis* and dismissed his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2] Mr. Diaz has now returned with an amended complaint (ECF No. 12).[3] For the reasons that follow, the Amended Complaint will be dismissed with prejudice.

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). "[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'" *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017).

[2] The prior Memorandum and Order were entered by the Hon. Timothy J. Savage. The case was reassigned to this Court on October 22, 2021.

[3] The Amended Complaint was submitted without a signature, but Mr. Diaz later submitted a signed version. (*See* ECF No. 14.)

1

## I.    FACTUAL ALLEGATIONS

In the August Memorandum, Judge Savage dismissed Mr. Diaz's claims because he failed to allege plausibly that either defendant was personally involved in the alleged denial of medical treatment that formed the core of his claims, or a basis by which they could be held liable as supervisors at FDC. *August Memorandum*, 2021 WL 3471169, at *2.[4]  To attempt to cure this defect, Mr. Diaz now alleges that "the Warden is in charge of the total operation of the Institution and he failed to properly remedy the situation when COVID-19 pandemic was infested in FDC-Philadelphia.  Also [John Doe] failed to remedy the matter as well and I caught COVID-19."  (ECF No. 12 at 5.)[5]  This is the only substantive allegation contained in the Amended Complaint.[6]  Mr. Diaz seeks $17 million in compensatory and punitive damages.

---

[4] Judge Savage stated:

> The sole allegation regarding the defendants is that they were aware of the outbreak of COVID-19 in FDC but did nothing to prevent inmates from contracting the disease.  This allegation fails to address how the defendants were deliberately indifferent.  Mr. Diaz does not assert that either defendant intentionally refused, delayed, or prevented him from receiving medical treatment, or was even personally aware of his need for medical treatment.  He does not allege that either defendant personally directed or had actual knowledge of the actions of subordinates, tolerated past or ongoing misbehavior, or acquiesced in the actions of subordinates.  Finally, Mr. Diaz does not allege that either defendant implemented a policy or practice that created an unreasonable risk of a constitutional violation on the part of the subordinate or that the supervisor's failure to change the policy or employ corrective practices was a cause of this unconstitutional conduct.  Accordingly, the claim must be dismissed.")

*August Memorandum*, 2021 WL 3471169, at *2.

[5] The Court adopts the pagination supplied by the CM/ECF docketing system.

[6] In his original complaint Mr. Diaz also alleged a claim based on the food he was served at the FDC.  The claim was dismissed, and Mr. Diaz has not reasserted it in the Amended Complaint.

2

## II.    STANDARD OF REVIEW

Because Mr. Diaz was granted leave to proceed *in forma pauperis*, 28 U.S.C. §
1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails
to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed
by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure
12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the
Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to
state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts
alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's]
favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to
state a plausible [] claim.'" *Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d
Cir. Sept. 1, 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).
Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Mr. Diaz is proceeding *pro se*, the Court construes his allegations liberally.
*Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir.
2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  "This
means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 8
F.4th at 185(quoting *Mala*, 704 F. 3d at 244).  The Court will "apply the relevant legal principle
even when the complaint has failed to name it." *Id.*  However, "'pro se litigants still must allege
sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

## III.    DISCUSSION

As mentioned above, in the August Memorandum Judge Savage set out the legal
requirements for alleging a plausible *Bivens* claim against federal prison administrators:  they

must either be alleged to have been personally involved in the alleged constitutional violations, or alleged to have implemented a policy or practice that created an unreasonable risk of a constitutional violation on the part of a subordinate, and the supervisor's failure to change the policy or employ corrective practices was a cause of the constitutional violation. *August Memorandum*, 2021 WL 3471169, at \*2 (quoting *Acosta v. Democratic City Committee*, 288 F. Supp. 3d 597, 636-37 (E.D. Pa. 2018)).

Regarding the medical claim at the core of Mr. Diaz's amended complaint, a prison official must both be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also have allegedly drawn the inference. *Id.* at \*1 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Mr. Diaz was informed of these pleading requirements previously.

Mr. Diaz was permitted to amend his claims if he could cure the defects Judge Savage identified in his deliberate indifference claim, namely "if he is able to identify a person who intentionally refused, delayed, or prevented him from receiving medical treatment, or [allege] a plausible basis for supervisor liability." *August Memorandum*, 2021 WL 3471169, at \*3. Mr. Diaz was also directed in the order that accompanied the August Memorandum that, if he elected to file an amended complaint, "it shall be a complete document that does not rely upon plaintiff's

4

initial Complaint or any other papers filed in this case to state a claim.  When drafting an amended complaint, plaintiff shall consider the reasons the initial Complaint was dismissed as explained in the Memorandum."  (ECF No. 11 at 2.)

Despite these directions, Mr. Diaz returned with an amended complaint that again fails to provide a basis for a plausible claim.  He does not allege that either defendant was personally involved in his medical care and denied, delayed, or prevented him from receiving medical treatment.  He does not allege what medical treatment he required.  He does not even describe in any detail the nature of his medical condition, other than that he apparently contracted COVID-19.  Neither does he allege a basis for holding either defendant liable under a theory of supervisor liability given that Mr. Diaz's sole assertion that Warden Pistro, is "in charge of the total operation" of the FDC and "failed to properly remedy" the outbreak of COVID-19 in the facility, is not sufficient to assert a plausible supervisor liability claim.  *See Jackson v. Grondolsky*, Civ. A. No. 09-5617, 2011 WL 13704 at *1 n. 1 (D.N.J. Jan. 3, 2011) (surveying applicable Third Circuit precedent regarding supervisory liability in the prisoner medical treatment context and holding that no cause of action against a prison warden would lie where the only allegation supporting the claim was that the warden failed to take action).  The allegation that John Doe "failed to remedy the matter as well and I caught COVID-19" is implausible for the same reasons.

Accordingly, Mr. Diaz's Amended Complaint will be dismissed.  Because Mr. Diaz has already been given an opportunity to cure the defects in his claims and failed to do so, the Court concludes that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  Thus, the dismissal will be with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that

district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile."). An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER, J.